Filed 10/29/25


VERMONT SUPERIOR COURT
Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-01727

| Addison County Community Trust, Inc. v. Jamie Leduc et al |
| --- |

## ENTRY REGARDING MOTION

Title:       Motion for Summary Judgment  (Motion: 2)
Filer:       Lesley B. Deppman
Filed Date:  August 27, 2025

This is an eviction action pursuant to 10 V.S.A. § 6237, brought by Plaintiff Addison County Community Trust, Inc., against Defendants Jamie Leduc and Rebecca Merrihew.  Pending before the court now is Plaintiff's motion for summary judgment.  Defendants generally oppose the motion.  Based on the following, the motion is DENIED.

## I.  Facts
## II.

As a preliminary point, Defendants' response does not strictly comply with the requirement of Civil Rule 56, that a party opposing summary judgment support its statements by "specific citations to particular parts of materials in the record." V.R.C.P. 56(c)(2).  Although the court could take a few actions based on Defendants' failure, see e.g., V.R.C.P. 56(e), in the interest of resolving the motion, and with Defendants' unrepresented status in mind, see *Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219 (observing that courts accord pro se litigants leeway in some matters), the court has considered the affidavits that Defendants attach, but do not cite to, in their opposition. C.f. V.R.C.P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

Viewing the evidence in the summary judgment record in the light most favorable to Defendants, the following narrative emerges.  Plaintiff owns a mobile home park in Starksboro, Vermont.  Defendants own a mobile home located at 6 Hillside Drive, on the premises of said park.  Plaintiff leases the premises to Defendants, subject to a lease agreement attached to the instant motion. See Ex. 1.  Plaintiff brought this eviction action alleging that Defendants are in substantial breach of the mobile home park lease agreement.  Plaintiff sent a notice of Eviction for Substantial Violation of Lease Terms to Defendants by certified mail on April 7, 2025, indicating that Defendants are being evicted for substantial violations of the lease agreement.

The lease agreement at hand provides that (1) "criminal conduct constitutes substantial violation of this Lease," Ex. 1, ¶ VIII(1)(c); (2) the Resident shall "be responsible for the conduct in the Park of the Resident, the Resident's household, and any guests or other persons who are in the Park with the permission of the Resident, or at the Resident's direction, or for the Resident's

benefit.  The aforesaid individuals shall not engage in any conduct which adversely affects any other Resident or the operation of the Park[,]" *id.*, ¶ VIII(1)(b); "Resident shall pay all property taxes assessed on the mobile home and other structures and improvements on the lot due[,]" *id*, ¶ X(1)(bb); (4) "[G]uests shall be permitted, provided an individual guest(s)' stay does not exceed thirty (30) overnights per calendar year.  Any person continuing to reside at the Premises after this thirty (30) day period without OWNER'S prior written permission must vacate or submit an application for residency.  Extension of the thirty-day limit may be allowed with prior written approval from the OWNER.  Should the Guest(s) application be denied, the Guest(s) must vacate the Premises.  If the Guest(s) does not vacate, the RESIDENT shall be in violation of this Lease and the tenancy will be immediately terminated.  This is substantial violation of the Lease[,]" *id*, ¶ I(3), see also *id.*, ¶ I(2)(a) (listing additional occupants as Justice Green and Kyla Leduc); and (5) "Residents must register pet when moving in with a description.  No more than one (1) pet is permitted[,]" *id.*, ¶ VIII(1)(s).

Plaintiff alleges the following specific violations.  First, Plaintiff alleges that Defendants engaged in criminal conduct on the premises.  Plaintiff states "aggravated assault occurred at the property on February 3, 2025." Aff. Tori Marukelli (filed Aug. 27, 2025), ¶ 4.  Defendants dispute that anyone has been charged in the incident giving rise to the allegation of criminal conduct. See Aff. Jessica Cross (filed Oct. 13, 2025).  Moreover, Defendants assert that to the extent an incident happened on the premises, Defendants were merely helping the victim, not engaging in prohibited conduct. *Id*.

Second, Plaintiff alleges that Defendants engaged in conduct that adversely affects other residents of the park.  Plaintiff's evidence shows that some residents, though not others, see Aff. Shane Tetreault (filed Oct. 10, 2025), are effectively "scared" or "concerned," due to "traffic" and people who visit Defendants' home. See Aff. Norma Sprague and Lisa Kunze.

Third, it is undisputed that Defendants are in arrears on their property taxes. See Ex. 3. Defendants have asserted, but not supported by citations to the evidence in the summary judgment record, that they are working with the Town of Starksboro to remedy the situation. See Defendants' Answer (filed Oct. 10, 2025).

Fourth, Plaintiff alleges that Defendants have unauthorized guests stay at the property. See Aff. Tori Marukelli, Norman Sprague, Lisa Kunze.  Defendants dispute that they have unauthorized guests within the meaning of the lease agreement living in their home. See Aff. Shane Manning (filed Oct. 10, 2025); Jessica Cross (filed Oct. 10, 2025).

Lastly, Plaintiff alleges that Defendants have unregistered dogs on the premises. See Aff. Lisa Kunze (stating "[t]here are numerous dogs in and out").  Defendants counter that they have only one registered dog at the premises. See Aff. Shane Manning; Jessica Cross.

### III. Conclusions of Law
### IV.

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." V.R.C.P. 56(a).  A fact is material only if it might affect the outcome of the case. *O'Brien v.*

*Synnott*, 2013 VT 33, ¶ 9, 193 Vt. 546.  In assessing whether a genuine dispute as to any material fact exists, courts construe "the facts presented in the light most favorable to the nonmoving party," *Vanderbloom v. State, Agency of Transp.*, 2015 VT 103, ¶ 5, 200 Vt. 150, such that "the nonmoving party receives the benefit of all reasonable doubts and inferences," *Pettersen v. Monaghan Safar Ducham PLLC*, 2021 VT 16, ¶ 9, 214 Vt. 269.  Courts therefore "accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." *Robertson v. Mylan Laboratories, Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356.

In Vermont, "[a]ll terms governing the use and occupancy of a mobile home lot shall be contained in a written lease." 10 V.S.A. § 6236(a).  "A leaseholder may be evicted only for nonpayment of rent or for a substantial violation of the lease terms of the mobile home park," and only in accordance with the prescribed procedure. *Id*., § 6237(a).

> "Substantial violation" is not defined in Vermont statutes.  However, tenants can be evicted from certain subsidized and Housing and Urban Development (HUD) projects for "[m]aterial noncompliance with the rental agreement," 24 C.F.R. § 247.3(a)(1), which is defined as "[o]ne or more substantial violations of the rental agreement." *Id*. § 247.3(c)(1) (emphasis added).  Courts have interpreted this to mean that the landlord must "'demonstrate that the violation … was a significant one—[i.e.], not a technical or a de minimis violation.'" *Greene Ave. Assocs. v. Cardwell*, 743 N.Y.S.2d 842, 851 (N.Y. Civ. Ct 2002), citing *Park W. Vill. v. Lewis*, 465 N.E.2d 844, 846 (N.Y. 1984); *Lambert Houses Redev. Co. v. Huff*, 951 N.Y.S.2d 86 (Table), 2012 WL 1393046, at *2 (N.Y. Civ. Ct. 2012).

*Atkins v. Witham*, 2015 WL 13735807, at *4 (Vt. Super. Ct. May 22, 2015) (Toor, J.).

Plaintiff here alleges that Defendants engaged in criminal conduct on the premises.  The allegations and supporting affidavits are, however, insufficient to support judgment as a matter of law in Plaintiff's favor.  Under the law, "[a] substantial violation of the lease terms based upon criminal activity will be insufficient to support a judgment of eviction unless the proceeding is commenced no later than 60 days after arraignment." *Id*., § 6237(a)(4).  In referencing a number of days "after arraignment," the Legislature clearly contemplated that the alleged activity be criminal within the meaning of criminal law.  Here, there is no evidence in the record that any criminal proceedings resulted from the alleged incident.  To be sure, Defendants specifically contend that an incident occurred on their property, see Aff. Jessica Cross, however, quickly deflect that no person was ever charged as a result of the incident; Defendants were moreover those helping the alleged victim, see *id*.  Plaintiff's allegations regarding "white substance" being exchanged for money on the premises and "gunshots" being heard, see e.g., Aff. Norma Sprague, are likewise insufficient to support the assertion that Defendants engaged in criminal conduct on the premises, in violation of the lease agreement.

The lease also prohibits conduct that adversely affects other residents of the park. See Ex. 1, ¶ VIII(1)(b).  Plaintiff appears to be relying on the following lease term:

> The RESIDENT shall be responsible for the conduct in the Park of the
> RESIDENT, the RESIDENT's household, and any guests or other persons who

are in the Park with the permission of the RESIDENT, or at the RESIDENT's direction, or for the RESIDENT's benefit. *The aforesaid individuals shall not engage in any conduct which adversely affects any other Resident or the operation of the Park.*

*Id.* (emphasis added). It is significant that the accompanying provisions in subdivision VIII(1) of the lease prohibit actions such as harassment, interference with other inhabitants of the park, abusive, threatening, demeaning, or otherwise hostile language and behavior against other residents, their family members, or guests, consumption of illicit substances, or excessive sound levels. *Id.* The evidence here, however, is insufficient to support judgment in Plaintiff's favor. Viewed in the light most favorable to Defendants, the evidence establishes that Defendants engaged in conduct that caused *some* residents to be "scared" or "concerned." See Aff. Norma Sprague and Lisa Kunze. There are, however, others who do not feel that way. See Aff. Shane Tetreault. Applying the summary judgment standard, the record simply does not establish abusive, threatening, or other behavior on Defendants' part that adversely affects other residents of the park.

Defendants are in arrears on their tax payments. See Ex. 3. The lease agreement mentions payment of taxes in several sections. First, in section IV(c), the agreement states that nonpayment of taxes may result in Plaintiff's retention of the security deposit. Section XII deals with Plaintiff's tax responsibilities. In section XIII, related to the sale of the home located in the park, subdivision (4)(d) specifies that all property taxes due on the home must be paid before Plaintiff may grant Defendants' request for the home to remain in the park after a potential sale. Lastly, presumably section X(bb) states that "RESIDENT shall [presumably pay] all property taxes assessed on the [presumably mobile] home and other structures and improvements on the Lot when due." Page 7 of the lease agreement, however, is missing. Page 7 may contain the material prefatory provision that substantiates the requirement to pay taxes in section X(bb). As such, the court is unable to conclude that Defendants' tax delinquency constitutes a substantive violation of a term under the lease agreement.

Plaintiff also alleges that Defendants have unauthorized guests in their home. Unauthorized occupancy is generally considered to be a substantive violation of a lease agreement. See *Atkins v. Witham*, 2015 WL 13735807, at *4. Plaintiff's evidence here, however, does not indicate that any guests have stayed at the property in excess of the 30-day calendar year limit in the lease. Defendants moreover contest this assertion, stating that (1) other people come onto the property to either get help from Defendants, or (2) other people come onto the property to help Defendants with renovations. See Aff. Shane Manning (filed Oct. 10, 2025); Jessica Cross (filed Oct. 10, 2025). Defendants also sometimes have Kyla Leduc, authorized under the lease agreement, stay with them. *Id.*

Lastly, Plaintiff alleges that Defendants have unregistered dogs on the premises. See Aff. Lisa Kunze (stating "[t]here are numerous dogs in and out"). Defendants counter that they have only one registered dog at the premises. See Aff Shane Manning; Jessica Cross. Nowhere, however, does Plaintiff allege that these dogs that come "in and out" are Defendants' dogs that live in the property, triggering any obligation to register under the lease or constituting a violation of the provision that only "one pet is permitted per household," Ex. 1, ¶ VIII(s). In any

event, the evidence, applying the summary judgment standard, establishes only that these dogs come "in and out," implying that these dogs accompany the periodic visitors.

## Order

Based on the foregoing, Plaintiff's motion is DENIED.

**Signed electronically October 29, 2025 pursuant to V.R.E.F 9(d).**

_____

**David Barra**
**Superior Court Judge**